10-4652-ag
Lin v. Holder

BIA
A095 673 869

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand eleven.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

YAN ZHEN LIN,
> *Petitioner,*

   v.          10-4652-ag
               NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL, UNITED STATES DEPARTMENT OF JUSTICE,
> *Respondent.*

_____

FOR PETITIONER:    Norman Kwai Wing Wong, New York, New York

FOR RESPONDENT:    Tony West, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yan Zhen Lin, a native and citizen of the People's Republic of China, seeks review of a October 29, 2010 BIA order that denied her motion to reopen. *In re Yan Zhen Lin*, No. A095 673 869 (B.I.A. Oct. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that Lin's April 2010 motion to reopen was untimely because her administrative order of removal became final in 2007. *See* 8 C.F.R. § 1003.2(c)(2). Although Lin contends that the time and number limitations do not apply to her motion to reopen as it is "based on changed circumstances arising in the country of nationality," 8 C.F.R. § 1003.2(c)(3)(ii), her arguments are unavailing.

2

Lin asserts that she presented evidence both that she had converted to Christianity and that conditions for Christians in China have recently worsened.  However, as the BIA found, Lin's alleged conversion to Christianity was a change in her personal circumstances, not a change in country conditions.  *See Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008).

Moreover, there is no indication that the BIA ignored any material evidence Lin submitted.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).  The record supports the BIA's determination that, although China has engaged in discrimination and abuse against Christians, Lin failed to establish that conditions in China had changed fundamentally since her merits hearing, as required to warrant reopening.  *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007); *Xiao Ji Chen*, 471 F.3d at 342.  Therefore, we find no abuse of discretion in the BIA's denial of Lin's motion to reopen.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion

3

for a stay of removal in this petition is DENIED as moot and the temporary stay is VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk